Yesy Sanchez
CLAUSEN MILLER P.C.
28 Liberty Street, 39th Fl.
New York, New York 1005
(212) 805-3935

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| ARIDIO MENDEZ FERRERAS,<br><br>                               Plaintiff,<br><br>                 -against-<br><br>RICKY L. RICE and CORETRANS, LLC,<br><br>                            Defendants | [Removed from Supreme Court State of New York, Bronx County]<br><br>Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>Bronx County<br><br>Index No: 806064/2022E |

-------------------------------------------------------------x

      NOTICE IS HEREBY GIVEN, that defendants RICKLY L. RICE and CORETRANS, LLC (collectively "Defendants") hereby remove this action from the Supreme Court of New York, Bronx County, to the United States District Court Southern District of New York. Removal is based on diversity jurisdiction 28 U.S.C. §§ 1332, 1441, and 1446.

      In support of this Notice of Removal, Defendants state as follows:

### I. Overview of Lawsuit

      1.    Removal to the District of New York is proper because the Complaint is filed in a New York State court, located within the jurisdiction of this District.

      2.    Pursuant to 28 U. S. C. § 1446(d), a copy of this Notice also is being served on the plaintiff ARIDIO MENDEZ FERRERAS ("Plaintiff") and a copy is being filed with the Clerk of the Supreme Court of the State of New York, Bronx County.

3. On April 19, 2022, Plaintiff commenced this action against Defendants in the Supreme Court of the State of New York, Bronx County. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served on Defendants in the Supreme Court action are attached as **Exhibit A**.

4. Plaintiff alleges generally that on October 12, 2021, Plaintiff was operating his vehicle on the Amsterdam West Ramp, near Harlem River Drive West in New York County, when his vehicle was struck by a freightliner truck operated by Defendant Rice. Plaintiff alleges that Defendant Rice was negligent in the operation of the truck, and that Defendant Coretrans is vicariously liable for Defendant Rice's negligence. *See generally*, **Exhibit A**.

## II. Diversity Jurisdiction Based on Citizenship of Parties

5. Plaintiff alleges that he resides in the State of New York, County of Bronx, as indicated in the Summons and Complaint. *See* **Exhibit A at ¶ 1.**

6. Defendant Rice is a resident of Mt. Vernon Kentucky as indicated in his Affidavit annexed hereto as **Exhibit B.**

7. Defendant Coretrans is a Kentucky limited liability company with its principal place of business in Somerset, Kentucky, as indicated in its Affidavit annexed hereto as **Exhibit C**. This exhibit includes a printout obtained directly from the Kentucky Secretary of State website, which confirms that Defendant Coretrans is a Kentucky limited liability company.

8. Based on Plaintiff's allegations, as set forth in his complaint, he is a citizen of the State of New York. As set forth in **Exhibits B** and **C**, Defendants are citizens of the State of Kentucky. Thus, complete diversity exists as between Plaintiff and Defendants.

### III. Compliance With All Removal Requirements

9. For purposes of diversity jurisdiction, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and all defendants join in removal.

10. In addition, this Notice of Removal has been filed within 30 days of the service of a copy of a "paper" from which it was first ascertained that the case is one which is removable under 28 U. S. C. § 1446(b)(3).

11. New York State Courts only require plaintiffs to assert a general prayer for relief and a claim that "*the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction [$25,000 for Supreme Court]*". CPLR 3017 (c).

12. These type of boilerplate statements, however, have been deemed insufficient to establish that the amount in controversy meets the statutory requirement for removal. *Simpri v Remillard*, 2022 US Dist LEXIS 80330, at *6 (SDNY May 3, 2022, No. 22-CV-03531 (PMH)).

13. "[W]hen a complaint alleges no amount in controversy, a defendant need not guess as to whether the plaintiff's claim reaches the $ 75,000 threshold for 28 U.S.C. § 1332 diversity jurisdiction purposes and may wait to file a notice of removal until the plaintiff provides specific information about the amount in controversy." *Moltner v Starbucks Coffee Co.*, 2009 US Dist LEXIS 15518, at *3 (SDNY Feb. 26, 2009).

14. Indeed, where the plaintiff's complaint does not contain any information as to amount of damages the plaintiff is seeking, the complaint does not constitute an "initial pleading" for §1446(b) purposes. *Id*. In such instances the party seeking removal may serve the plaintiff with a request for supplemental demand, setting forth the plaintiff's total damages. *Id*. at *4.

15. It is a bright line rule that the removal clock does not start to run <u>until</u> the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.

*Johnson v Home Depot U.S.A., Inc.*, 2019 US Dist LEXIS 180747, at *4 (EDNY Oct. 18, 2019, No. 19-cv-3476 (SJF) (ARL)).

16. Therefore, the moving party will have 30 days from receipt of an amended pleading or "other paper" which the moving party "may first ascertain that the case is one which is or has become removable." *Id*. at * 5, *see also* 28 USCS § 1446 (b)(3). Notwithstanding, a case may not be removed based on diversity jurisdiction, more than one year after commencement of the action. 28 U.S.C. § 1446(c)(1). There is an exception where the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action.

17. In the instant action, Plaintiff commenced his lawsuit on April 19, 2019. *See* **Exhibit A**. Plaintiff served Defendant Rice on May 25, 2022, and Defendant Coretrans on July 1, 2022. On June 14, 2022, Defendants answered in the state court action.

18. Plaintiff's complaint does not specify the monetary number of damages he seeks. Rather, Plaintiff's complaint alleges damages "*in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action*." *See* **Exhibit A** at ¶¶ 56 and 71.

19. Consequently, Plaintiff's complaint does not constitute an initial pleading for §1446(b) purposes, since it does not specify the amount of damages Plaintiff seeks.

20. On June 14, 2022, Defendants served Plaintiff with their answer, together with their combined demands, which included a Request for Supplemental Demand for Relief ("Supplemental Demand"). *See* Supplemental Demand annexed hereto as **Exhibit D**.

21. On July 12, 2022, Plaintiff's time to respond to the Supplemental Demand expired. In response, Defendants wrote to Plaintiff in good faith and requested that Plaintiff provide his outstanding response.

22. On August 3, 2022, Defendants' received Plaintiff's response to the Supplemental Demand. *See* **Exhibit E.**

23. Plaintiff's response claims $20,000,000 in damages. *Id. at* 4. Plaintiff's response to the Supplemental Demand was the first document which explicitly specified the amount of monetary damages sought, and thus, Defendants' first notice that the amount in controversy exceeded $75,000, and therefore then first became subject to removal under 28 U.S.C. §1332. *Compare* **Exhibit A** with **E.**

24. Defendants' Notice of Removal was filed within thirty (30) days of receiving Plaintiff's response to the Supplemental Demand (**Exhibit E**), and within one year of the commencement of this action (**Exhibit A**).

25. Thus, Defendants' removal of the state court action is timely, and the above-described action is one in which this court has original jurisdiction under the provisions of 28 USC § 1332 and may be removed to this court pursuant to 28 USC § 1441.

26. In sum, all the elements for removal to this Court have been met based both on diversity jurisdiction and amount in controversy, and removal to this Court is proper pursuant to 28 U. S. C. §§ 1331, 1332(a), 1441(b), and 1446.

**WHEREFORE**, Defendants RICKY L. RICE and CORETRANS, LLC, respectfully request that the state court action be removed to the United States District Court for the Southern District of New York.

Dated: New York, New York
September 2, 2022

By: *Yesy Sanchez*

Yesy Sanchez (YS-0502)
**CLAUSEN MILLER, P.C.**
*Attorneys for Defendant*
RICKY L. RICE and
CORETRANS, LLC
28 Liberty Street, Floor 39
New York, NY 10005
(212) 805-3900