EXHIBIT "A"

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>BRONX COUNTY<br>============================X<br>ARIDIO MENDEZ FERRERAS,<br><br>          Plaintiff,<br><br>  -against-<br><br>RICKY L. RICE and CORETRANS, LLC,<br><br>          Defendants.<br>============================X | Date Filed:<br>Index:<br><br>**SUMMONS**<br><br>Plaintiff designates<br>Bronx County<br>as place of trial<br><br>The basis of the venue is:<br>Plaintiff's residence<br>388 East 194th Street<br>Bronx, NY 10458 |

TO THE ABOVE NAMED DEFENDANTS:

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
   April 13, 2022

The nature of this action is for injuries sustained as a result of the defendants' negligence. The relief sought is monetary damages.

            **ELEFTERAKIS, ELEFTERAKIS & PANEK**

            -----------------------------------------------
            BY: NICHOLAS ELEFTERAKIS, ESQ.
            *Attorneys for Plaintiff*
            80 Pine Street, 38th Floor
            New York, N.Y. 10005
            (212) 532-1116

**Failure to respond, a judgment will be against you, by default and interest from October 12, 2021.**

Defendants:
**RICKY L. RICE**
231 Old Rocky Road
Mount Vernon, KY 40456

**CORETRANS, LLC**
603 Kit Cowan Road
Somerset, KY 42501

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
================================ X

ARIDIO MENDEZ FERRERAS,

                Plaintiff,

-against-

RICKY L. RICE and CORETRANS, LLC,

                Defendants.
================================ X

Index No:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The plaintiff, **ARIDIO MENDEZ FERRERAS**, at all times herein mentioned was and still is a resident of Bronx County, State of New York.

2. The defendant, **RICKY L. RICE**, at all times herein mentioned was and still is a resident of the State of New York.

3. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **CORETRANS, LLC**, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, Defendant, **CORETRANS, LLC**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CORETRANS, LLC**, maintained a principal place of business in the State of New York.

6. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CORETRANS, LLC**, conducted and carried on business in the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CORETRANS, LLC**, transacted business within the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CORETRANS, LLC**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

9. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CORETRANS, LLC**, expected or should have reasonably expected its acts to have consequences in the State of New York.

10. On or about October 12, 2021, defendant, **RICKY L. RICE**, owned a certain tractor with license plate A63864 as issued by the State of Kentucky.

11. On or about October 12, 2021, defendant, **RICKY L. RICE**, owned a certain trailer with license plate 60666T as issued by the State of Kentucky.

12. On or about October 12, 2021, defendant, **RICKY L. RICE** was the lessee of a certain tractor with license plate A63864 as issued by the State of Kentucky.

13. On or about October 12, 2021, defendant, **RICKY L. RICE** was the lessee of a certain trailer with license plate 60666T as issued by the State of Kentucky.

14. On or about October 12, 2021, defendant, **RICKY L. RICE** was the lessor of a certain tractor with license plate A63864 as issued by the State of Kentucky.

15. On or about October 12, 2021, defendant, **RICKY L. RICE** was the lessor of a certain trailer with license plate 60666T as issued by the State of Kentucky.

16. On or about October 12, 2021, defendant, **RICKY L. RICE** maintained a certain tractor with license plate A63864 as issued by the State of Kentucky.

17. On or about October 12, 2021, defendant, **RICKY L. RICE** maintained a certain trailer with license plate 60666T as issued by the State of Kentucky.

18. On or about October 12, 2021, defendant, **RICKY L. RICE** controlled a certain tractor with license plate A63864 as issued by the State of Kentucky.

19. On or about October 12, 2021, defendant, **RICKY L. RICE** controlled a certain trailer with license plate 60666T as issued by the State of Kentucky.

20. On or about October 12, 2021, defendant, **RICKY L. RICE** operated a certain tractor with license plate A63864 as issued by the State of Kentucky.

21. On or about October 12, 2021, defendant, **RICKY L. RICE** operated a certain trailer with license plate 60666T as issued by the State of Kentucky.

22. On or about October 12, 2021, defendant, **RICKY L. RICE** operated, maintained and controlled a certain tractor with license plate A63864 as issued by the State of Kentucky with consent of its owner.

23. On or about October 12, 2021, defendant, **RICKY L. RICE** operated, maintained and controlled a certain trailer with license plate 60666T as issued by the State of Kentucky with consent of its owner.

24. On or about October 12, 2021, defendant, **CORETRANS, LLC**, owned a certain tractor with license plate A63864 as issued by the State of Kentucky.

25. On or about October 12, 2021, defendant, **CORETRANS, LLC**, owned a certain trailer with license plate 60666T as issued by the State of Kentucky.

26. On or about October 12, 2021, defendant, **CORETRANS, LLC** was the lessee of a certain tractor with license plate A63864 as issued by the State of Kentucky.

27. On or about October 12, 2021, defendant, **CORETRANS, LLC** was the lessee of a certain trailer with license plate 60666T as issued by the State of Kentucky.

28. On or about October 12, 2021, defendant, **CORETRANS, LLC** was the lessor of a certain tractor with license plate A63864 as issued by the State of Kentucky.

29. On or about October 12, 2021, defendant, **CORETRANS, LLC** was the lessor of a certain trailer with license plate 60666T as issued by the State of Kentucky.

30. On or about October 12, 2021, defendant, **CORETRANS, LLC** maintained a certain tractor with license plate A63864 as issued by the State of Kentucky.

31. On or about October 12, 2021, defendant, **CORETRANS, LLC** maintained a certain trailer with license plate 60666T as issued by the State of Kentucky.

32. On or about October 12, 2021, defendant, **CORETRANS, LLC** controlled a certain tractor with license plate A63864 as issued by the State of Kentucky.

33. On or about October 12, 2021, defendant, **CORETRANS, LLC** controlled a certain trailer with license plate 60666T as issued by the State of Kentucky.

34. On or about October 12, 2021, defendant, **RICKY L. RICE** operated, maintained and controlled a certain tractor with license plate A63864 as issued by the State of Kentucky with consent of its owner defendant, **CORETRANS, LLC.**

35. On or about October 12, 2021, defendant, **RICKY L. RICE** operated, maintained and controlled a certain trailer with license plate 60666T as issued by the State of Kentucky with consent of its owner defendant, **CORETRANS, LLC.**

36. On or about October 12, 2021, defendant, **RICKY L. RICE** operated, maintained and controlled a certain tractor with license plate A63864 as issued by the State of Kentucky during the course of employment with defendant, **CORETRANS, LLC.**

37. On or about October 12, 2021, defendant, **RICKY L. RICE** operated, maintained and controlled a certain trailer with license plate 60666T as issued by the State of Kentucky during the course of employment with defendant, **CORETRANS, LLC.**

38. At all times hereinafter mentioned, the roadway known as the Amsterdam West Ramp at or near Harlem River Drive West in New York County, State of New York, was a public roadway and thoroughfare in common use by the residents of the State of New York, and others.

39. That on October 12, 2021, the plaintiff, **ARIDIO MENDEZ FERRERAS**, was the driver in a motor vehicle with license plate BSR171 as issued by the State of Kentucky at the location described.

40. That on October 12, 2021, at the aforesaid location, the defendants' motor vehicle came in contact with plaintiff's motor vehicle.

41. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless, reckless, wrongful, willful and negligent manner in which the defendant, **RICKY L. RICE**, operated and controlled their motor vehicle, without this plaintiff, **ARIDIO MENDEZ FERRERAS**, in any way contributing thereto.

42. That by reason of the foregoing and the negligence of the defendants, the Plaintiff, **ARIDIO MENDEZ FERRERAS** was severely injured, bruised and wounded, some of which injuries are permanent in nature and duration, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

43. That by reason of the foregoing, the Plaintiff, **ARIDIO MENDEZ FERRERAS**, was compelled and did necessarily require medical aid and attention, and did necessarily pay

and become liable for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

44. That by reason of the foregoing, the Plaintiff, **ARIDIO MENDEZ FERRERAS**, has been and will be unable to attend to his usual occupation in the manner required.

45. The aforesaid accident was due solely as a result of the defendants' negligence, gross negligence, recklessness, and carelessness in the operation of said vehicle.

46. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

47. That by reason of the wrongful, reckless, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff, **ARIDIO MENDEZ FERRERAS**, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

48. That Plaintiff, **ARIDIO MENDEZ FERRERAS**, is a 'covered person' as defined by section 5102 (j) of the Insurance Law of the State of New York.

49. That Plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in section 5102(a) of the Insurance Law of the State of New York.

50. That Plaintiff is entitled to recovery for non-economic loss and for all economic losses sustained.

51. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

52. That pursuant to CPLR Section 1602(2) (iv), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

53. That pursuant to CPLR Section 1602(7), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

54. That pursuant to CPLR Section 1602(6), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants should be held liable by reason of Defendants' use, ownership or operation of a motor vehicle.

55. That pursuant to CPLR Section 1602(2) (iv), Defendant owner is liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said is vicariously liable for the negligent acts and omissions of Defendant operator of said vehicle.

56. That by reason of the foregoing, Plaintiff, **ARIDIO MENDEZ FERRERAS**, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

AS AND FOR A SECOND CAUSE OF ACTION

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 inclusive, with the same force and effect as though more fully set forth at length herein.

58. Defendant, **RICKY L. RICE**, at all times hereinafter mentioned, was an agent, servant and/or employee of defendant, **CORETRANS, LLC.**

59. Defendant, **CORETRANS, LLC,** managed the activities of its agents, servants and/or employees, specifically defendant **RICKY L. RICE**.

60. Defendant, **CORETRANS, LLC** controlled the activities of its agents, servants and/or employees, specifically defendant **RICKY L. RICE**.

61. Defendant, **CORETRANS, LLC**, maintained the activities of its agents, servants and/or employees, specifically defendant **RICKY L. RICE**.

62. Defendant, **CORETRANS, LLC**, inspected the activities of its agents, servants and/or employees, specifically defendant **RICKY L. RICE**.

63. Defendant, **CORETRANS, LLC**, supervised the activities of its agents, servants and/or employees, specifically defendant **RICKY L. RICE**.

64. Defendant, **CORETRANS, LLC**, trained its agents, servants and/or employees, specifically defendant **RICKY L. RICE**.

65. Defendant, **CORETRANS, LLC**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of a driver.

66. Defendant, **CORETRANS, LLC**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees, specifically defendant **RICKY L. RICE** for the position of a driver.

67. Defendant, **CORETRANS, LLC**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of a driver specifically defendant, **RICKY L. RICE**.

68. Defendant, **CORETRANS, LLC**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees, specifically defendant **RICKY L. RICE** for the position of a driver.

69. Defendant, **CORETRANS, LLC**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained drivers, specifically, **RICKY L. RICE**.

70. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

71. That by reason of the foregoing, Plaintiff, **ARIDIO MENDEZ FERRERAS**, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, plaintiff, **ARIDIO MENDEZ FERRERAS**, demands judgments against the defendants in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction all together with the costs and disbursements of this action. Plaintiff seeks punitive damages. Plaintiff demands a jury trial.

Dated: New York, New York
April 13, 2022

ELEFTERAKIS, ELEFTERAKIS & PANEK

By: _____
Nicholas Elefterakis, Esq.
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
) SS:
COUNTY OF NEW YORK )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
April 13, 2022

_____
Nicholas Elefterakis, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY

---

ARIDIO MENDEZ FERRERAS,

                Plaintiff,

                -against-

RICKY L. RICE and CORETRANS, LLC,

                Defendants.

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

---

**Summons and Verified Complaint**

---

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

    Nicholas Elefterakis, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:

    I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
       April 13, 2022

                                              _____
                                              Nicholas Elefterakis, Esq.

---

PLEASE TAKE NOTICE

( )    that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on at

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116